NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 06-CV-134-HRW

SAMMY DYER                                                                                           PETITIONER

VS:            **MEMORANDUM OPINION AND ORDER**

BRIAN PATTON                                                                                       RESPONDENT

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Sammy Dyer, an individual incarcerated in the Federal Correctional Institution in Ashland, Kentucky, has filed the instant *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241, and has paid the filing fee.

The petition is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, the district court may dismiss a case at any time if it determines the action is frivolous or malicious or fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2).

ALLEGATIONS AND CLAIMS

The petitioner alleges that in 1997, in the United States District Court for the Western District of Michigan, he was charged with a single count of conspiracy to distribute and possess with

intent to distribute cocaine and cocaine base, Schedule II controlled substances, and marijuana, a Schedule I controlled substance. A jury "returned a general verdict finding the petitioner guilty of Conspiracy to commit the crime of distribution and possession with intent to distribute a controlled substance, namely. cocaine base and or marijuana." The court imposed a 360-month sentence, based upon the petitioner's having been convicted of the crack cocaine base offense.

Dyer claims that the sentence imposed on him was contrary to *United States v. Dale*, 178 F.3d 429 (6th Cir. 1999), the Sixth Circuit holding therein that when the government charges multiple controlled substances as the object of the conspiracy, the defendant must be sentenced as if he distributed only the drug carrying the lower penalty; the use of a general verdict is plain error. Dyer now seeks to take advantage of the *Dale* decision. He claims that *Dale* was decided while his conviction and sentence were on direct appeal, but his counsel either ignored *Dale* or "or simply failed to keep abreast of the changes in law, as required for any competent attorney."

Petitioner Dyer asks that this Court order his release and re-sentencing.

## DISCUSSION

The Court takes judicial notice of certain facts. First, the instant petitioner raised several challenges to his sentence in his direct appeal, *United States v. Dyer*, 178 F.3d 1297, 1999 WL 115495 (6th Cir. 1999) (unpublished), *cert. denied*, 527 U.S. 1013 (1999), but he did not complain of the general verdict and its impact, if there was one, as he alleges. The Sixth Circuit denied all of Dyer's claims, affirming both his conviction and sentence, on February 9, 1999. It was more than three months later, on May 27, 1999, that the Sixth Circuit decided *Dale*.

However, before reaching the merits of Petitioner Dyer's current 2006 challenge to his

sentence based upon the 1999 *Dale* case, the Court must address its jurisdiction to reach the merits of the legality of a sentence handed down by another district court. Ordinarily, 28 U.S.C. §2241 is used by prisoners to challenge the execution of a sentence, such as the computation of parole or sentence credits, not their conviction. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). Under certain circumstances, however, prisoners may invoke the "savings clause" at the end of the fifth paragraph of 28 U.S.C. §2255 to press challenges to their criminal convictions or sentences under Section 2241:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. §2255, ¶5. Consistent with this statute, a §2241 petitioner must demonstrate that his remedy under Section 2255 is inadequate or ineffective to test the merits of his sentencing court claim(s) before another court may consider them on the merits, under its Section 2241 jurisdiction.

Accordingly, to see if a §2241 petition may be considered on the merits, the federal district courts in the district where the petitioner is incarcerated must ask under what circumstances a petitioner's remedy under Section 2255 is considered "inadequate or ineffective." The Sixth Circuit addressed this question by negative example in *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999). In *Charles*, the Sixth Circuit began by emphasizing that relief under Section 2241 is not a "catch all" remedy, but is extremely limited and available only upon the petitioner's demonstration that his Section 2255 remedy is truly "inadequate and ineffective." *Id.* at 756.

3

The *Charles* Court made clear that a prisoner cannot satisfy the inadequate or ineffective requirement merely by demonstrating that he is time-barred from bringing a §2255 motion, or that he had already moved unsuccessfully for relief in a prior §2255 motion. *Id*. at 757. Further, habeas corpus relief is unavailable if a federal prisoner fails to avail himself of a reasonable opportunity to obtain an earlier correction of a fundamental defect in his conviction or sentence under pre-existing law.

Subsequently, in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit addressed a question left unanswered in *Charles*: whether the savings clause may be properly invoked by a petitioner where his remedy under Section 2255 is procedurally unavailable (and hence ineffective to raise a new claim), *and* where he claims "actual innocence." The answer was yes. A viable claim of "actual innocence" arises where petitioner was convicted under a criminal statute, and thereafter the Supreme Court issues a decision that more narrowly interprets the terms of that statute. In such instances, there may arise a significant risk that petitioner was convicted of conduct that the law does not make illegal, and hence that the petitioner is "actually innocent" of the crime for which he was convicted.

By the express terms of the statute, 28 U.S.C. §2255 permits a petitioner to bring a second or successive §2255 motion only (1) based upon newly-discovered evidence that casts significant doubt on petitioner's guilt of the offense, or (2) based upon a Supreme Court decision on constitutional law made retroactive to subsequently-filed cases. Because a Supreme Court decision interpreting a criminal statute does not fall within either of these exceptions, a prisoner like the petitioner in *Martin* cannot bring a second or successive Section 2255 motion. Therefore, prisoners often try to use Section 2241 to bring their claims before the court in the district where they are in

4

custody.

Such appears to be the case herein. However, to the extent that the instant petitioner asks this Court to use its §2241 jurisdiction because his remedy by a §2255 is or was inadequate or ineffective, he fails to allege or demonstrate that purported inadequacy or ineffectiveness. The petitioner faults counsel for not raising the *Dale* issue while both Dyer's and Dale's appeals were pending in the appellate court, but does not explain why he, himself, did not raise the issue with the trial court, *via* a §2255, as soon as *Dale* was decided. With multiple earlier opportunities to raise the current challenge and the petitioner not even alleging that he is actually innocent, as *Charles* and *Martin* require in this circuit, the petitioner fails to state a claim upon which this Court may grant relief under 28 U.S.C. §2241, and the Court must dismiss the instant petition without reaching the merits.[1]

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that Petitioner Dyer's petition for writ of habeas corpus is **DENIED**; this action shall be **DISMISSED**, *sua sponte*, without prejudice, from the docket of the Court; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

This October 17, 2006.



Signed By:
<u>Henry R Wilhoit Jr.</u>
United States District Judge

---

[1] Had the Court been able to reach the merit of this petition, it would have to balance the facts and holding in to the *Dale* case with the facts and holding in a subsequent opinion, *United States v. Neuhausser*, 241 F.3d 460, 468 (6th Cir. 2001).